IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN DAMON PATTERSON,

    Plaintiff,                        No. 2:12-cv-1973 JAM KJN P

    vs.

THE PEOPLE OF THE STATE OF CALIFORNIA,

    Defendants.                  <u>FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff was directed to file a completed in forma pauperis affidavit and certified trust account statement.  After receiving an extension of time, plaintiff filed the required documents.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to

plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

1 "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
2 notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551
3 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
4 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
5 as true the allegations of the complaint in question,  id., and construe the pleading in the light
6 most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
7 grounds, Davis v. Scherer, 468 U.S. 183 (1984).

8            In 2009, plaintiff was convicted by a jury of two counts of second degree robbery
9 and one count of assault, with a finding that he personally used a firearm in commission of the
10 crimes.  People v. Patterson, 2011 WL 3198793 (Cal. App. 1 Dist. 2011).  By this civil rights
11 action, plaintiff seeks dismissal of his criminal conviction, and immediate release from prison
12 based on the alleged mishandling of evidence submitted at plaintiff's criminal trial.  (Dkt. No. 1,
13 *passim*.)

14            However, attempts to challenge the fact or duration of a prisoner's incarceration
15 must proceed by seeking habeas relief.  When a state prisoner seeks "a determination that he is
16 entitled to immediate release or a speedier release from . . . imprisonment, his sole federal
17 remedy is a writ of habeas corpus."  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  As a result,
18 civil rights complaints seeking immediate or speedier release are barred by the doctrine of Heck
19 v. Humphrey, 512 U.S. 477, 481 (1994).  In Heck, the Court re-emphasized that a prisoner in
20 state custody cannot use a civil rights action to challenge the fact or duration of his confinement.
21 Id. at 481.

22            A civil rights complaint seeking habeas relief should be dismissed without
23 prejudice to bringing it as a petition for writ of habeas corpus.  Trimble v. City of Santa Rosa, 49
24 F.3d 583, 586 (9th Cir. 1995).  However, plaintiff is presently challenging his 2009 conviction in
25 Patterson v. People of the State of California, Case No. 2:12-cv-2475 KJM JFM (E.D. Cal.).  It
26 appears that plaintiff may have included these claims in the petition filed in Case No. 2:12-cv-

3

2475 KJM JFM.  However, to the extent such claims are not included, plaintiff must seek leave to amend to include such claims in Case No. 2:12-cv-2475 KJM JFM.  Plaintiff is cautioned that once the district court has ruled on the merits of plaintiff's habeas petition in Case No. 2:12-cv-2475 KJM JFM, plaintiff must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider any second habeas application.  28 U.S.C. § 2244(b)(3).

For all of the above reasons, plaintiff's complaint should be dismissed without prejudice.

In light of the above, plaintiff's April 15, 2013 motion for the issuances of summons is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (dkt. no. 13) is granted;

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3.  Plaintiff's April 15, 2013 motion (dkt. no. 16) is denied; and

IT IS RECOMMENDED that plaintiff's complaint be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

4

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 19, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

patt1973.56